■ JOSEPH HARTMANN et al., Respondents, v JOHN J. FOX, Appellant. — In a legal malpractice action, defendant appeals from an order of the Supreme Court, Rockland County (Delaney, J.), dated May 19, 1981, which, *inter alia,* granted plaintiffs' motion to vacate a judgment for costs and disbursements entered by the County Clerk on March 16, 1981. Order modified, on the law and the facts and in the interest of justice, (1) by deleting the sentence commencing with the words "Cross-motion for costs" and substituting therefor a provision granting the cross motion to the extent of permitting a retaxation of costs and disbursements by the County Clerk of Rockland County, and (2) by reducing the motion costs awarded to $20. As so modified, order affirmed, with $50 costs and disbursements to plaintiffs. We concur with Special Term that the judgment for costs and disbursements entered by the County Clerk should be vacated, but not upon the ground that plaintiffs were deprived of due process. Defendant complied with the procedure set forth in CPLR 8403 for taxation without notice. However, there are items enumerated in defendant's bill of costs which are either excessive or not taxable under CPLR 8301. For example, defendant apparently sought to tax as a disbursement his printing expenses for the record and brief submitted on a prior appeal he took from an order of Special Term, dated December 4, 1978, which, *inter alia,* denied his motion for summary judgment. This court affirmed that order on December 17, 1979 and awarded plaintiffs $50 costs and disbursements (*Hartmann v Fox,* 73 AD2d 848). To allow defendant to tax costs for the aforesaid printing expenses would be contrary to this court's order awarding $50 costs and disbursements to plaintiffs. Moreover, defendant sought to tax his stenographic fees in the amount of $747.50 in connection with the taking of an examination before trial. CPLR 8301 (subd [a], par 9) provides that a party is entitled to tax his necessary disbursements for the "reasonable expense of taking, and making two transcripts of testimony on an examination before trial, not exceeding two hundred fifty dollars in any one action". The Legislature expressed an intent to limit the amount of stenographic fees which can be taxed in connection with the taking of a pretrial deposition. To conclude, as defendant contends, that the fees in excess of $250 could be recovered under CPLR 8301 (subd [a], par 12) would defeat the limitation imposed under paragraph 9 and render said paragraph a nullity. The propriety of other items sought to be taxed by defendant cannot be determined on the record before this court. Therefore, in the interest of justice, this court will deem plaintiffs' motion one pursuant to CPLR 8404 and order a retaxation before the County Clerk. Moreover, the motion costs awarded to plaintiffs in the amount of $250 are reduced to $20. The costs awarded on a motion shall not exceed $20 in all counties not located within the City of New York (CPLR 8202). We disagree with defendant's contention that Judge Delaney was *functus officio* when he decided the vacatur motion (see *Prudential Lines v Firemen's Ins. Co. of Newark, N. J.,* 109 Misc 2d 281). Lazer, J. P., Mangano, Brown and Niehoff, JJ., concur.